UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISA SABADASH,<br><br>               Plaintiff,<br><br>   v.<br><br>SARL BREVENT, *et al.*,<br><br>               Defendants. | Case No. 2:23-cv-06265-FLA (KSx)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

      On March 24, 2023, Plaintiff Larisa Sabadash ("Plaintiff") filed the Complaint in Los Angeles County Superior Court, asserting four causes of action against Defendants SARL Brevent, Ilya Meliya, and Jean François Blet ("Blet") (collectively, "Defendants") for: (1) declaratory relief; (2) interference with contract; (3) fraudulent concealment; and (4) unjust enrichment. Dkt. 17-1 at 9–19 ("Compl.").[1]

      On August 7 and 9, 2023, Defendants removed the action to this court, alleging the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) ("Section 1332(a)"). Dkts. 5, 17.

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers listed natively.

On September 7, 2023, Plaintiff filed the operative First Amended Complaint ("FAC"), asserting the same four causes of action as in the Complaint. Dkt. 25 ("FAC"). Plaintiff alleges Defendants acted jointly as part of a "scheme" to buy Plaintiff's real property "without her knowledge and consent, for far less than market value," despite full knowledge that Plaintiff was the owner of the property pursuant to a contract with her ex-husband, non-party Alexander Sabadash. FAC ¶¶ 9–28.

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Pursuant to Section 1332(a), federal courts have diversity jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

After reviewing the Notices of Removal (Dkts. 5, 17), the pleadings, and all relevant documents, the court is unable to conclude presently that subject matter jurisdiction exists under Section 1332(a). In particular, and without limitation, the court finds Alexander Sabadash may be a required party under Fed. R. Civ. P. 19, as a party to the agreement that forms the basis for Plaintiff's claims, especially the first

cause of action of declaratory relief.[2]  Because Alexander Sabadash appears to be a California resident (*see* FAC ¶¶ 10–11, 34), his addition to the action would destroy diversity jurisdiction under 28 U.S.C. § 1332(a) as Plaintiff is also a California resident (FAC ¶ 1).[3]  *See Exxon*, 545 U.S. at 2622 (recognizing "the presence of nondiverse parties on both sides of a lawsuit eliminates the justification for providing a federal forum").

Accordingly, the court ORDERS the parties to show cause in writing, within twenty-one (21) days from the date of this Order, why Alexander Sabadash is not a necessary party to this action and why this action should not be remanded for lack of subject matter jurisdiction.  The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order.  Responses shall be limited to ten (10) pages in length.  Failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

IT IS SO ORDERED.

Dated: March 29, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[2] The court notes Blet argues Alexander Sabadash is a required party.  Dkt. 36 at 20; Dkt. 67 at 12.

[3] Blet also submitted documents indicating Alexander Sabadash lives in California. Dkt. 36-2 at 12.

3